Scott, J. In this case two supposed errors of the court below are assigned: 1st. The overruling of the appellant’s motion for a new trial: 2d. The judgment of the court below for the claimant of the slave. The wife, through her husband as trustee, claimed the slave, levied upon as the property of the husband, as her sole and separate property under the following clause of the last will and testament of her deceased father, which was executed and took effect after the marriage and during the life-time of the husband and wife, to wit: “Item 4th. I will and bequeath to my daughter, Polly Bean, a negro girl named Rhoda, one mare, saddle, bridle, two cows and calves, which are now in her possession.” The will contained no further provision by which either this or any other bequest contained in it, was settled to the sole and separate use either of Polly Bean or any other female. Marriage suspends the legal existence of the wife during cover-ture, and invests the husband with the absolute title to all the personal estate of the wife, and such of her choses in action as he may reduce into possession during the coverture. Over all such he has unqualified dominion with untrammelled right of disposition. And such also are his rights in all like acquisitions of the wife during the coverture, unless the doner shall accompany the gift with the limitation to the sole and separate use of the wife; and this can be done only by apt words to negative the marital rights of the husband, — the presumption of law being always in favor of those rights. Without such apt words, by which are to be understood words that, by their import, exclude the husband from the benefit intended to be bestowed, although the legal title might be conveyed to trustees for the benefit of the wife, still the husband would be the beneficiary, taking in such case an equitable interest in virtue of his being, by the effect of the marriage, the legal embodiment and representative of the will, capacity and rights of the wife. While, on the other hand, if the gift be accompanied with such apt words, whether made in terms to trustees or to the husband, or even to the wife, it would be upheld and secured for the sole and separate use of the wife. The husband, in the two latter cases, in virtue of his same legal representative character, wherein all the legal rights and capacities of the wife are absorbed, takes and holds as trustee' merely for the wife’s separate use. Such being the law, long and well settled, it will be seen at once that the testimony before the court, as presented to us in the bill of exceptions, established beyond any controversy at all, that the negro in question belonged to the husband, and was not settled to the sole and separate use of the wife. The possession proven was the legal possession of the husband, because the wife had no legal capacity to take or hold possession in her own right, and the will and testament relied upon proved the negro to have been given, in legal contemplation, expressly to the husband in his own right, as it contains no expression which, even in the most remote degree, indicated that the bequest was intended by the testator for the sole and separate use of the wife. Therefore, as the finding and judgment of the court below in favor of the claimant was not supported by any evidence at all, and was in the face of conclusive evidence to the contrary, the court erred in overruling the motion for a new trial, and therefore the judgment below must be reversed, and the cause remanded to be proceeded in.